UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MILTON BAYTOPS,

    Plaintiff,                        Case No. 2:23-CV-10339

v.                                   U.S. DISTRICT COURT JUDGE
                                        GERSHWIN A. DRAIN

HARPER, et. al.,

    Defendants,
_____/

**OPINION AND ORDER SUMMARILY
DISMISSING CIVIL RIGHTS COMPLAINT**

### I. Introduction

Milton Baytops, ("Plaintiff"), incarcerated at the Cotton Correctional Facility in Jackson, Michigan, filed a civil rights complaint filed pursuant to 42 U.S.C. § 1983. The complaint is summarily denied because Plaintiff failed to state a claim upon which relief can be granted.

### II. Standard of Review

Plaintiff is allowed to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:

1

(B) the action or appeal:
(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612.

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must show that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v.*

2

*Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998)(citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

### III.  Complaint

Plaintiff alleges that the Michigan Court of Appeals sent him three DVDs concerning his criminal case. Plaintiff does not allege what information was contained in the DVDs, but claims he needed the materials to prepare and file a post-conviction motion in the state courts. Defendant Harper, who processed the legal mail in the prison where plaintiff was incarcerated, confiscated the DVDs and labeled them as contraband. Plaintiff claims that the other defendants have refused to order that the DVDs be provided to plaintiff along with equipment to watch the DVDs. Plaintiff claims that the DVDS are necessary for him to have meaningful post-conviction review of his conviction in the state courts. Plaintiff alleges that the defendants' actions amounted to an interference with his legal mail.

### IV. Discussion

Plaintiff's complaint is subject to dismissal for several reasons.

First, as a general rule, a criminal defendant has no federal constitutional right to a transcript to prepare a post-conviction proceeding. *Rickard v. Burton,* 2 F. App'x. 469, 470 (6th Cir. 2001)(citing to *Ruark v. Gunter,* 958 F. 2d 318, 319 (10th Cir. 1992); *United States v. MacCollom,* 426 U.S. 317, 325-26 (1976)). The rule in

*MacCollom* applies to a plaintiff seeking access to criminal court records to launch a collateral attack on his or her criminal conviction. *See, e.g., Reed v. Gonzalez*, No. 16-14255, 2017 WL 227959, at * 2 (E.D. Mich. Jan. 19, 2017).

Plaintiff already filed an appeal of right with regard to his conviction, which was affirmed. *People v. Baytops*, No. 350367, 2021 WL 220788 (Mich. Ct. App. Jan. 21, 2021), *lv. den.* 507 Mich. 956, 959 N.W.2d 498 (2021). Under Mich.Ct.R. 7.205(F)(2), a criminal defendant in Michigan is limited to a single appeal by right or leave from a conviction. *See People v. Jackson,* 465 Mich. 390, 396; 633 N.W. 2d 825 (2001). Pursuant to Mich.Ct.R. 6.501, Plaintiff's sole remedy at this point would be to file a post-conviction motion for relief from judgment.

Plaintiff has no federal constitutional right to his criminal case records, transcripts, or other materials to prepare a post-conviction motion; he fails to state a claim for which relief can be granted.

In any event, petitioner currently has a habeas petition pending before another judge in this district. See *Baytops v Nagy,* No. 2:22-CV-12170 (E.D. Mich.). [1] Within the petition, petitioner alleges that he has filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.,* which was denied. *See* 2:22-CV-12170, ECF No. 1, PageID. 3-4. A prisoner does not state a viable claim based upon

---

[1] This Court obtained this information from the records of the United States District Court for the Eastern District of Michigan, which this Court is permitted to take judicial notice of. *See United States v. Rigdon,* 459 F. 2d 379, 380 (6th Cir. 1972).

4

the alleged interference with his or her legal mail where he or she does not establish any prejudice to pending or contemplated litigation. *See Truss-El v. Bouchard*, 103 F. App'x. 575, 577 (6th Cir. 2004). The defendants' alleged failure to deliver Plaintiff's legal materials to him did not violate his First Amendment right of access to the courts, because plaintiff failed to allege or show actual prejudice to him in the prosecution of his post-conviction motion. *See Wilson v. Becker*, 69 F. App'x 669 (6th Cir. 2003). Plaintiff is not entitled to relief.

Plaintiff's complaint lacks any arguable basis in the law; this Court certifies that any appeal by Plaintiff would be frivolous and not undertaken in good faith. *See Alexander v. Jackson,* 440 F. Supp. 2d 682, 684 (E.D. Mich. 2006)(citing 28 U.S.C. § 1915(a)).

## V. ORDER

Accordingly, it is **ORDERED** that:

(1) The complaint is **DISMISSED WITH PREJUDICE**.

(2) The Court certifies that that any appeal by Plaintiff would be frivolous and not in good faith.

SO ORDERED.

Dated: March 8, 2023             /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 8, 2023, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Deputy Clerk